### BECKER v. DAVIS.

(Supreme Court, Appellate Term. March 24, 1904.)

1. SALE OF REAL ESTATE—RESERVATION—RIGHT TO RENT.

Defendant D. and others made a contract of sale of premises, reciting that it was their intention to convey the premises "as they now are actually occupied by them, and subject to * * * the rights of the monthly tenants, and the right of D. * * * to occupy the organ shop in the rear of said premises, now used by him for his business, with the means of exit and ingress till Nov. 1." The deed contained the reservation of D.'s right as in the agreement. *Held,* that such reservation was not subject to any duty of D. to pay for use and occupation.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Gustave Becker against Henry L. Davis. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Abel Crook, for appellant.

Shapiro & Shapiro, for respondent.

BLANCHARD, J. This action was brought upon an assigned claim to recover the value of the use and occupation of a portion of certain premises located in the city of New York. On August 3, 1903, one Irving Judis, the assignor of the claim in question, entered into a written agreement with the defendant and his two sisters, whereby he agreed to purchase from them the premises known as No. 53 MacDougal street, in said city, which they owned as tenants in common. Under the agreement the deed of the premises was to be delivered on the 1st day of September following. The agreement contained the following language:

"It being the intention of the parties of the first part to convey said premises as they now are actually occupied by them and subject to * * * the rights

of the monthly tenants, and the right of Henry L. Davis, one of the parties of the first part, to occupy and use the organ shop in the rear of said premises now used by him for his business with the means of exit and ingress until November 1st, 1903."

On the 1st day of September, 1903, pursuant to the agreement, the defendant, the said Henry L. Davis, and his two sisters made and delivered to the plaintiff's assignor a deed which contained the reservation of the defendant Davis' right to use and occupy the organ shop until November 1, 1903, as set forth in the agreement. The contention of the plaintiff is that, notwithstanding this reservation in the agreement and deed, he is entitled to be paid for the use and occupation of that portion of the premises reserved to Davis in the deed, and he brought this action upon that theory, and recovered judgment.

Upon what principle of law the recovery of this judgment is based we are at a loss to understand. The plaintiff's assignor bought the premises, and accepted the deed subject to the expressly reserved right of the defendant to occupy and use the premises in question until November 1, 1903. The language employed in the agreement and the deed to express this right is explicit, and not to be misunderstood. It is certainly reasonable to assume that, had the parties intended that the defendant should pay for the use and occupation of the reserved portion of the premises, they would have expressed that intention clearly in the agreement itself. The effect of the clause subjecting a portion of the fee of the premises to the right of the defendant, Davis, to continue in his use and possession for a limited space of time was to carve that right out of the fee, and to postpone the unincumbered conveyance thereof until the right so reserved had expired by limitation. The pleadings are in writing, and, notwithstanding that the plaintiff claims the right to recover for the value of the use and occupation of the premises, he was permitted to offer testimony tending to prove that the defendant agreed to pay rent. The defendant sharply controverted this, and there is no testimony in the case upon which the relation of landlord and tenant can be predicated. Upon all the testimony in the case, we think the plaintiff failed to establish any agreement to pay rent. On the argument of this appeal, however, the appellant filed a stipulation to pay the plaintiff $28.

The judgment will be reversed, and a new trial granted, with costs to appellant to abide the event unless the plaintiff stipulates to reduce the judgment to $28, in which case it will be affirmed as reduced, without costs. All concur.